AUSTIN P. NAGEL, ESQ.
California State Bar #118247
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, CA 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Secured Creditor,
TOYOTA MOTOR CREDIT CORPORATION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>JONILYH O. RESUELLO,<br><br>    Debtor.<br>_____/ | Case No. 13-43531 MEH-13<br>(Chapter 13 Proceeding)<br><br>SECURED CREDITOR, TOYOTA MOTOR CREDIT CORPORATION's OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN<br><br>**MEETING OF CREDITORS**:<br>Date: July 25, 2013<br>Time: 2:00 p.m.<br>Ctrm: #680N, Office of the U.S. Trustee,<br>    1301 Clay Street,<br>    Oakland, CA<br>**CONFIRMATION HEARING**:<br>Date: To Be Noticed |

    TOYOTA MOTOR CREDIT CORPORATION (hereinafter referred to as "Secured Creditor") objects to confirmation of the Chapter 13 Plan proposed hereunder by Debtor, JONILYH O. RESUELLO (hereinafter referred to as "Debtor") on the following grounds:

    1.    On September 24, 2010, Debtor (as Buyer) entered into a written Retail Installment Sale Contract – Simple Interest Finance Charge (hereinafter referred to as "Security

1

Agreement") with Hanlees Hilltop Ford (as Seller) which evidenced Debtor's financed purchase of the 2009 Toyota Sienna (Vehicle Identification Number 5TDZK23C89S283745) (hereinafter referred to as the "property"), which has become the subject of this action. The aforementioned Security Agreement was duly assigned by Hanlees Hilltop Ford to Secured Creditor during the normal course of business on or about September 24, 2010.

2. Upon executing the Security Agreement, a true and correct photocopy of which is filed separately herewith and which is incorporated herein by reference, and by subsequently taking possession of the property which was being financed by Secured Creditor, Debtor agreed and became obligated to pay the sum of $32,438.25, for the financed purchase of the subject property. Further evidence of Secured Creditor's secured position is reflected on the Certificate of Title for the subject property, a true and correct photocopy of which is filed separately herewith and which is incorporated herein by reference.

3. Based upon information derived from the automated Kelley Blue Book Auto Market Report, a true and correct photocopy of which is filed separately herewith and which is incorporated herein by reference, pursuant to 11 U.S.C. § 506(a)(2) the property is currently believed to have a retail, replacement value to Debtor of $20,254.66, which includes the $1,194.66 cost of the optional Service Contract (executory contract) financed during the initial purchase transaction. This is the value indicated for collateral of this year, make, model and general features in the reference guide most commonly used source of valuation data used by Movant in the ordinary course of business for determining the value of this type of collateral.

4. Secured Creditor objects to the $11,000.00 valuation allocated to its secured collateral under Debtor's proposed Plan in that should Secured Creditor be forced to accept

2

the low valuation of its secured claim hereunder, Secured Creditor's security interest will be severely diminished on collateral which already depreciates at a rapid rate during the normal course of its use.

5. The value allocated to Secured Creditor's collateral under Debtor's proposed Plan is substantially below the value given in the *Kelley Blue Book*. In the absence of further evidence explaining the valuation discrepancy, Secured Creditor contends that Debtor has not satisfied the burden under 11 U.S.C. § 506(a)(2). Based thereupon, Debtor's proposed Plan does not comply with 11 U.S.C. § 1325(a) because it does not pay Secured Creditor the present value of its secured claim and, therefore, Debtor's Plan cannot be confirmed as is presently proposed.

6. Secured Creditor further objects to the $216.67 monthly adequate protection payments offered it under Debtor's proposed Plan in that the value of Secured Creditor's security will depreciate at a much higher rate than that at which Secured Creditor will receive adequate protection payments under the Plan.

7. Debtor is proposing to pay the Chapter 13 Trustee the sum of $310.00 per month for sixty (60) months. Once Debtor's obligation to Secured Creditor has been *properly* scheduled for repayment, Debtors will not possibly be able to successfully compensate Secured Creditor for its obligation at the rate proposed and, therefore, Debtor cannot feasibly complete their Plan as proposed. As such, pursuant to the laws which govern the administration of this proceeding, this Chapter 13 Plan, as proposed, should not, and cannot, be confirmed.

8. Secured Creditor believes that if it is forced to accept its inclusion under Debtor's Plan as is presently proposed, Secured Creditor will be prejudiced by its position thereunder and Secured Creditor will continue to suffer substantial, mounting losses.

3

WHEREFORE, SECURED CREDITOR RESPECTFULLY MOVES:

1. That, based upon the risk factors set forth more fully above, as well as others that may exist, confirmation of this Chapter 13 Plan be denied; or, in the alternative;

2. That Debtor's Plan hereunder be amended in order to allow Secured Creditor to receive the fully secured sums that are due and owing to it. More specifically, the replacement value to Debtor of the property should be set at $20,254.66;

3. That Debtor's Plan hereunder be amended in order to allow Secured Creditor to receive pre- and post-confirmation adequate protection payments of no less than $410.00 per month;

4. That Debtors be required to provide the Chapter 13 Trustee with monthly payments in a feasible and realistic manner.

Dated: July 17, 2013            LAW OFFICES OF
AUSTIN P. NAGEL

TOYMO.3203

   /s/ Austin P. Nagel
Attorneys for Secured Creditor,
TOYOTA MOTOR CREDIT
CORPORATION

4